Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Eric Yau, HI SBN 10087
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 7-127
Honolulu, HI 96850
Telephone: (808) 541-3133
Facsimile: (808) 541-3390
E-mail: eric.yau@eeoc.gov
Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DISCOVERING HIDDEN HAWAII TOURS, INC. d/b/a DISCOVER HAWAII TOURS, HAWAII TOURS AND TRANSPORTATION INC., BIG KAHUNA LUAU, INC., and Does 1-5 Inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT—Title VII**<br>• **Sexual Harassment**<br>• **Retaliation**<br>• **Constructive Discharge**<br><br>**(42 U.S.C. §§2000e, et seq.)**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Dean Calibraro ("Charging Party") and a class of similarly aggrieved individuals who were adversely affected by such practices. As set forth with greater particularity in paragraphs 19 to 22 of this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") asserts that Defendants Discovering Hidden Hawaii Tours, Inc. d/b/a Discover Hawaii Tours, Hawaii Tours and Transportation Inc., Big Kahuna Luau, Inc., and Does 1-5 (collectively referred to herein as "Defendants"), subjected Charging Party and a class of similarly aggrieved individuals to sexual harassment because of sex (male), retaliation for opposing unlawful employment practices, and constructive discharge in violation of Title VII. Defendants further engaged in a pattern or practice of sexual harassment based on sex (male) in violation of Title VII.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2.     This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), ("Title VII") and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

3.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

/ / /

/ / /

## PARTIES

1.      Plaintiff, the U.S. Equal Employment Opportunity Commission ("Plaintiff" or the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

2.      At all relevant times, Defendant Discovering Hidden Hawaii Tours, Inc. d/b/a Discover Hawaii Tours has been a corporation doing business in the State of Hawaii, and has continuously had at least fifteen (15) employees.

3.      At all relevant times, Defendant Discovering Hidden Hawaii Tours, Inc. d/b/a Discover Hawaii Tours has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h).

4.      At all relevant times, Defendant Hawaii Tours and Transportation Inc. has been a corporation doing business in the State of Hawaii, and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Hawaii Tours and Transportation Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h).

6.      At all relevant times, Defendant Big Kahuna Luau, Inc. has been a corporation doing business in the State of Hawaii, and has continuously had at least fifteen (15) employees.

7.      At all relevant times, Defendant Big Kahuna Luau, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h).

8.     Leo Malagon was the sole partner, president, treasurer, and director of Discovering Hidden Hawaii Tours, Inc. ("DHT").

9.     Hawaii Tours and Transportation Inc.'s sole function was to lease and operate vehicles used by DHT in their tours.  Leo Malagon controlled the operations of Hawaii Tours and Transportation Inc., including the authority to hire/fire employees.  Hawaii Tours and Transportation Inc. is currently owned by Danielle Diamond, Leo Malagon's spouse.

10.     Hawaii Tours and Transportation Inc. is the registered agent for service of Big Kahuna Luau, Inc.  Leo Malagon managed the luau event operated by Big Kahuna Luau, Inc., including supervision of work by employees and third party vendors.

11.     All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

12.     Plaintiff is ignorant of the true names and capacities of each Defendant sued as Does 1 through 5, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names.  Plaintiff reserves the right to amend the complaint to name each Doe defendant individually or collectively as they become known.  Plaintiff alleges that each Doe defendant was in some manner responsible

4

for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF CLAIMS

13.     More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge of discrimination with the Commission alleging violations of Title VII by Defendants.

14.     On August 3, 2016, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that Defendants had violated Title VII by subjecting Charging Party and a class of similarly situated individuals to sexual harassment, harassment based on their sex (male), constructive discharge, and retaliation.  The Commission further invited Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

15.     The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

16.     The Commission was unable to secure through informal methods of conciliation, including but not limited to an in-person conciliation conference, from Defendants a conciliation agreement acceptable to the Commission.

17.     On September 26, 2016, the Commission issued to Defendants a Notice of Failure of Conciliation.

18.     All conditions precedent to the institution of this lawsuit have been fulfilled.

19.     Since at least 2006, Defendants have engaged in unlawful employment practices in violation of §§ 703(a)(1) and 704 of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) by subjecting the Charging Party and a class of aggrieved individuals to harassment on the basis of their sex (male). The unlawful

employment practices include but are not limited to:

a.   Charging Party worked for Defendant Discovering Hidden Hawaii Tours, Inc. as Vice President of Sales and Marketing. From May 2015 to August 2015, Defendants' owner, director, agent and/or alter ego Leo Malagon III ("Malagon") subjected Charging Party to regular and repeated sexual harassment, including but not limited to comments about performing oral sex on men, soliciting Charging Party to participate in a "threesome" with Malagon, implying that sexual favors would ensure Charging Party's performance bonus, and unwanted touching of Charging Party's thigh.   Such conduct was unwelcome by Charging Party. When Charging Party complained to Defendants' human resource personnel, Defendants failed to take corrective action.   Soon after Charging Party's complaint, Malagon threatened to fire him and withhold his bonuses.   As a result of the harassment and retaliation, Charging Party was forced to resign in August 2015.

b.   Claimant 1 is a male who worked for Defendant Discovering Hidden Hawaii Tours, Inc. in 2010 as a social media marketing and reservations manager. In October 2010, Malagon subjected Claimant 1 to unwelcome sexual harassment, including but not limited to showing Claimant 1 a picture of Malagon's erect penis, asking Claimant 1 how big his penis was, comments about oral and anal sex, asking if he had ever had sex with a male, and asking Claimant 1 to lunch the next day.   Claimant 1 complained to his supervisor that Malagon's conduct made him uncomfortable. His supervisor's response was to ask Claimant 1 how big his penis was and the supervisor then suggested that Claimant 1 go to lunch with Malagon, implying that his continued employment was contingent on Claimant 1's acquiescence to sexual contact. Claimant 1 agreed to go to lunch, but Malagon instead took Claimant 1 to his apartment. At the apartment, Claimant 1complied with Malagon's request for oral sex. Later that day, Claimant 1

communicated to Malagon that the incident was "not ok," and the next day, he complained to his supervisor, called a hotline number to report the incident and at the hotline's staff's recommendation, went to the hospital for assessment. Defendants failed to take corrective action in response to Claimant 1's complaints; rather, after Malagon became aware of Claimant 1's complaint, Defendants took retaliatory action against Claimant 1 by issuing him a poor performance review around two months after his complaint. As a result of the harassment, Claimant 1 resigned from Defendants' employment.

   c. Claimant 2 is a male who worked for Defendants from February 2012 through May 2013 as an internet marketer and sales manager. Malagon subjected Claimant 2 to unwelcome sexual harassment during his job interview. Claimant 2 applied and was interviewed for a position in internet marketing. During his hours long interview process, Malagon took Claimant 2 for dinner and drinks and then back to the office. While at the office, Malagon directed Claimant 2 to masturbate in front of Malagon and showed Claimant 2 pornography. Malagon also grabbed Claimant 2's penis. Claimant 2 was subsequently offered employment with Defendants.

   d. Claimant 3 is a male who worked for Defendant Discovering Hidden Hawaii Tours, Inc. as a bartender from about May 2015 through about July 2015. Malagon subjected Claimant 3 to unwelcome sexual harassment including, but not limited to, on multiple occasions showing Claimant 3 pictures of Malagon and others having sex with Malagon's wife, and making sexual comments including that Malagon's wife loved "big cocks" and asking claimant 3 whether he had a "big cock." At least in part as a result of the harassment, Claimant 3 resigned from Defendants' employment.

   e. Claimant 4 is a male who worked for Defendants as a bartender between July 2015 and August 2015. Malagon subjected Claimant 4 to unwelcome

sexual comments during the recruitment of Claimant 4 for employment with Defendants and continued to make comments of a sexual nature during his employment. These comments included but were not limited to asking what "sexual stuff" Claimant 4 was into, and talking about sex parties and orgies.

       f.  Malagon subjected other male employees to sexual harassment. Malagon regularly recruited and hired young males, often from his gym, for a variety of jobs (such as bartender, tour guide and social media/marketing). During the interview and/or after hire, Malagon subjected them to sexual harassment, including but not limited to the following unwelcome conduct: showing male employees videos and pictures of a sexual nature, making sexual comments and innuendos about penises, asking employees to see their penises, propositioning male employees to engage in sexual conduct at the office and at his home, offering to promote male employees if the male employees showed Malagon their penises, fondling male employees' penises, offering to perform fellatio on male employees, and unwanted physical touching of male employees.

20. The conduct described in Paragraph 19 resulted in the constructive discharge of male employees who were forced to resign because of the harassment.

21. Malagon's treatment of Charging Party and Claimants 1 through 4 is illustrative of a pattern or practice of sexual harassment dating from at least 2006 through the present.

22. Defendant failed to take corrective action in response to complaints by male employees. In response to complaints of sexual harassment, Defendant took retaliatory action against employees, including but not limited to denying Charging Party a bonus and threatening his termination, and issuing Claimant 1 a poor performance review in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3.

23. The effect of the practices complained as described in paragraphs 19-22 has been to deprive Charging Party and a class of similarly aggrieved

individuals of equal employment opportunities and otherwise adversely affects their status as employees because of their sex (male).

24.     The effect of the practices complained of in paragraphs 19-22 above has been to deprive Charging Party and a class of similarly aggrieved individuals of equal employment opportunities and otherwise adversely affects their status as employees because of their engagement in protected activities in opposition to unlawful employment practices.

25.     The unlawful employment practices complained of in paragraphs 19-22 above were intentional and caused Charging Party and a class of aggrieved individuals to suffer emotional distress.

26.     The unlawful employment practices complained of in paragraphs 19-22 above were done with malice or with reckless indifference to the federally protected rights of Charging Party and a class of aggrieved individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in sexual harassment, retaliation, and any other employment practice which discriminates on the basis of sex;

B.     Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of §§ 703(a)(1) and 704 of Title VII;

C.     Order Defendants to make Charging Party and a class of aggrieved individuals whole by providing compensation for past and future pecuniary losses, including appropriate back pay and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

D.      Order Defendants to make Charging Party and a class of aggrieved individuals whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

E.      Order each Defendant to pay Charging Party and a class of aggrieved individuals punitive damages for its intentional, malicious, and reckless conduct described above in an amount to be determined at trial;

F.      Award the Commission its costs of this action; and

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.


Dated: February 15, 2017      Respectfully Submitted


JAMES LEE,
Acting General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C.  20507

By: _____
ANNA Y. PARK,
Regional Attorney

SUE J. NOH,
Supervisory Trial Attorney

RUMDUOL VUONG,
Supervisory Trial Attorney


U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION