Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile:   (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Eric Yau, HI SBN 10087
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 4-257
Honolulu, HI 96850
Telephone: (808) 541-3133
Facsimile:  (808) 541-3390
E-mail: eric.yau@eeoc.gov

Attorneys  for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>           Plaintiff,<br><br>     vs.<br><br>DISCOVERING HIDDEN HAWAII TOURS, INC., ET AL, and Does 1-5 Inclusive,<br><br>           Defendant(s). | Case No.: CV-17-00067-DKW-KSC<br><br>**CONSENT DECREE; ORDER**<br><br>The Honorable Derrick Watson<br>United States District Judge |

# I.

## __INTRODUCTION__

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC") and Defendants Discovering Hidden Hawaii Tours, Inc., Hawaii Tours and Transportation Inc. and Big Kahuna Luau, Inc. ("Defendants" or "DHT") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff's complaint against Defendants in U.S. Equal Employment Opportunity Commission v. Discovering Hidden Hawaii Tours, Inc. et al. and Does 1-5, inclusive; Civil No. 17-00067-DKW-KSC (the "Action").  On February 15, 2017, Plaintiff filed this Action in the United States District Court, District of Hawaii, for violation of Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. § 2000e *et. seq.* ("Title VII"). The Action alleged that Defendants discriminated against a class of male employees (the "Claimants") who were subjected to sexual harassment because of their sex (male) and retaliated against for opposing unlawful employment actions and were constructively discharged in violation of Title VII.

## II.

## <u>PURPOSES AND SCOPE OF THE CONSENT DECREE</u>

A.     The Decree is made and entered into by and between the EEOC and

Defendants and shall be binding on and enforceable against Defendants as well as

their officers, directors, agents, successors and assigns. Collectively, the EEOC and

Defendants are referred to herein as the "Parties."

B.     The Parties have entered into this Decree for the following purposes:

1.     To provide appropriate monetary and injunctive relief;

2.     To ensure employment practices in compliance with federal
       law;

3.     To ensure a work environment free from sexual harassment,
       including protecting male employees from harassment, and
       retaliation;

4.     To ensure training in employment discrimination law;

5.     To ensure appropriate record keeping, reporting, and
       monitoring; and

6.     To avoid expensive and protracted costs incident to this
       litigation.

C.      Defendants' entry into and performance of the terms and conditions of this Consent Decree is not and shall not in any way be construed as an admission by Defendants of any violation of Title VII or any wrongdoing.

## III.

## <u>RELEASE OF CLAIMS</u>

A.      This Decree fully and completely resolves all issues, claims and allegations raised or which could have been raised by the EEOC against Defendants in this Action.

B.      Nothing in this Decree shall be construed to limit or reduce Defendants' obligation to comply fully with Title VII or any other federal employment statute.

C.      Nothing in this Decree shall be construed to preclude any party from taking action consistent with the terms of this Decree, to enforce this Decree in the event that any party fails to perform the promises and representations contained herein.

D.      This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendants in accordance with standard EEOC procedures.

**IV.**

## JURISDICTION

A.      The Court has jurisdiction over the Parties and the subject matter of

this litigation.  The Action asserts claims that, if proven, would authorize the Court

to grant the equitable relief set forth in this Decree.  The terms and provisions of

this Decree are fair, reasonable and just.  This Decree conforms with the Federal

Rules of Civil Procedure and Title VII and is not in derogation of the rights or

privileges of any person.

B.      The Court shall retain jurisdiction of this action during the duration of

the Decree for the purposes of entering all orders, judgments and decrees that may

be necessary to implement the relief provided herein.

**V.**

## EFFECTIVE DATE AND DURATION OF DECREE

A.      The provisions and agreements contained herein are effective

immediately upon the date which this Decree is entered by the Court (the

"Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect

for three (3) years after the Effective Date.

## VI.

## <u>MODIFICATION AND SEVERABILITY</u>

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.      If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.      By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

## VII.

## <u>COMPLIANCE AND DISPUTE RESOLUTION</u>

A.      The Parties expressly agree that if the EEOC has reason to believe that Defendants failed to comply with any provision of this Consent Decree, the EEOC may bring a motion before this Court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Defendants of the nature of the dispute.  This notice

6

shall specify the particular provision(s) that the EEOC believes Defendants

breached.  Defendants shall have thirty (30) days to attempt to resolve or cure a

breach, except as it pertain to failure to provide monetary relief in which case

Defendants shall have twenty days (20) days to attempt to resolve or cure a breach.

B.      After thirty (30) days have passed with respect to any breach, if the

Parties have reached no resolution or agreement to extend the time further, the

EEOC may petition this Court for resolution of the dispute, seeking all relief

available from the Court.

## VIII.

## **MONETARY RELIEF**

A.      Defendants will pay the total of the gross amount of $570,000.00

("Settlement Amount"), to be distributed, at the sole discretion of the EEOC,

among the Claimants. The Claimants include the eighteen (18) identified by the

EEOC as of February 20, 2018, and any other Claimants that may arise within one

year after the Effective Date of this Consent Decree.  The EEOC has full and

complete discretion to determine the characterization of such payments as income,

wages or otherwise, as hereinafter described in this Decree.

B.      The EEOC will provide Defendants a list of Claimants by name, their

current addresses, the amount to be paid to each, the classification of such amounts

to be paid and any additional relevant identifying information ("Distribution List").

The EEOC shall also provide a completed IRS form W-9 and/or W-4 (only for those that have wages as a component of the monetary relief) for each Claimant. Within thirty (30) days of the EEOC providing the Distribution List and all W-9s and/or W-4s, the Defendants shall send a cashier's check or money order to each of the Claimants via certified mail, return receipt requested. Defendants shall withhold such monies as required by applicable law from any payment made as lost wages to any Claimant.

C.      As appropriate, Defendants agree to issue an IRS Form W-2 to the Claimants for all monies, if any, paid to them as lost wages. As appropriate, Defendants agree to issue an IRS Form 1099 to the Claimants for all monies, if any, paid to them as compensatory damages. Defendants shall also make all appropriate reports to the Internal Revenue Service and other tax authorities.

D.      Defendants and each Claimant have entered into a separate and independent release agreement, to which the EEOC is not a party. Defendants agree to pay an additional $250.00 per Claimant for private counsel licensed in Hawaii to review and advise each Claimant regarding the separate agreement.

E.      Within three (3) business days of the issuance of each settlement check, Defendants will provide a copy of each check and related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

F.     Defendants may issue a "stop payment" on checks not negotiated after one hundred eighty (180) days of issuance and Defendants will provide prompt written notice to the EEOC of any such "stop payment" orders.  Defendants may destroy any returned non-negotiated check.

G.     At least every sixty (60) days after Defendants issue checks pursuant to the Distribution List, Defendants shall provide the EEOC with a copy of each cancelled check, and identify any check not negotiated and/or returned non-negotiated to Defendants, to enable the parties to track remaining settlement funds for redistribution.

H.     The EEOC may subsequently issue additional Distribution Lists, as necessitated by further notice from Defendants that any check issued to a Claimant was not negotiated within one hundred eighty (180) days after issuance and/or was returned non-negotiated to Defendants.

I.     Except in unforeseen circumstances that cause an unavoidable delay, as determined by the EEOC, the EEOC shall provide a "Final Distribution List" at the one (1) year anniversary of the Effective Date or sooner which shall be denoted as the "Final Distribution List" and shall include, in addition to any additional Claimants to be paid, any additional amounts to be remitted to Claimants previously paid.  No further Distribution Lists shall be issued by the EEOC after the Final Distribution List is provided to Defendants.

J.      Checks reissued to the Claimants shall also be sent via certified mail, regular mail or in such other form as agreed to by the Parties, within twenty (20) business days from the date Defendants receive the applicable Distribution List from the EEOC.

K.      The parties will work together to ensure that payment is sent to the Claimants and will work together to effectuate the payment(s) to them, including reissuing checks should that be required in some circumstances.  Notwithstanding anything to the contrary herein, Defendants, as well as their agents, and their banks and financial institutions, shall have no obligation to make payment to or to honor any check issued to any Claimant if the Claimant's check is not negotiated within one hundred eighty (180) days after its issuance (this does not bar the EEOC from including any Claimant on a subsequent, timely distribution list).  In addition, after two hundred (200) days have elapsed, after all checks to Claimants have been issued pursuant to the Final Distribution List, Defendants will, within twenty (20) business days, remit to the non-profit organization(s) designated by the EEOC, which designation shall occur at the same time that the Final Distribution List is issued, any remaining balance of the Settlement Fund.  Upon Defendants' remittance of such remaining balance of the Settlement Fund to the non-profit organization(s) designated by the EEOC, Defendants will have no further liability or responsibility as to the Settlement Fund or its distribution.  At no time will

Defendants be required to issue any checks to any Claimants or the designated non-profit organization(s), if the total amount of negotiated and/or outstanding non-negotiated checks, which does not include checks upon which a "stop payment" has been ordered or which have been destroyed by Defendants, would exceed a total of FIVE HUNDRED SEVENTY THOUSAND AND 00/100 DOLLARS ($570,000.00).

## IX.

## GENERAL INJUNCTIVE RELIEF

A.    Retaliation:

Defendants, including all officers, executives,  management (including all supervisory employees), and all those in active concert or participation with them, or any of them, are hereby enjoined from implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee of Defendants, because he or she has in the past, or during the term of this Decree:

1.    opposed any practice made unlawful under Title VII;

2.    filed a charge of discrimination alleging such practice;

3.    participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of Title VII;

4.      been identified as a possible witness or claimant in this action;

5.      asserted any right under this Decree; or

6.      sought and/or received any relief in accordance with this

Decree.

B.      <u>Discrimination based on sex</u>:

Defendants, including all officers, executives, and management (including

all supervisory employees), and all those in active concert or participation with

them, or any of them, are hereby enjoined from: (a) harassing or tolerating

harassment against persons on the basis of their sex (male) in the workplace and (b)

engaging in or being a party to any action, policy or practice that is intended or is

known to them to have the effect of harassing or intimidating any employee on the

basis of their sex (male).

## X.

## **SPECIFIC INJUNCTIVE RELIEF**

Defendants represent and the EEOC relies upon the representation that the

former owner will, during the term of this Decree, no longer be involved in the

Defendants' operations and specifically will have no authority over the personnel

matters of the Defendants or influence in any way to impact the operations and

employment of the employees.  Defendants' employees shall be made aware of the

former owner's lack of authority/influence in the posting.  This information shall

also be communicated to the employees in the training as set forth below.  As used in this Consent Decree, "former owner" means the President of Defendant Discovering Hidden Hawaii Tours, Inc. as indicated in Hawaii Business Registration records at the time of filing of the Action. The former owner has been instructed to limit interactions with Claimants.

A.     Equal Employment Opportunity Consultant

Within thirty (30) days after the Effective Date, the Parties agree that Defendants shall retain a third party Equal Employment Opportunity Consultant ("Consultant") to monitor Defendants' compliance with Title VII and the provisions of this Decree.  Defendants shall bear all costs associated with the selection and retention of the Consultant and the performance of his/her/its duties. The Consultant shall have demonstrated experience in equal employment opportunity law, including retaliation and sexual harassment.  The Consultant shall be subject to the EEOC's approval, which shall not be unreasonably withheld.  If the EEOC does not approve of Defendants' initial selection, the EEOC shall provide Defendants with a list of three (3) suggested candidates acceptable to the EEOC.  If the Consultant must be replaced during the duration of the Decree, the Parties shall engage in the same process set forth in this paragraph for the designation of a new Consultant.

The Consultant's responsibilities shall include:

1.     Ensuring that Defendants' procedures to handle complaints of sexual harassment and retaliation comply with their obligations under Title VII and this Decree;

2.     Ensuring that Defendants' anti-harassment policy and reporting procedures effectively carry out their obligations under Title VII and this Decree;

3.     Ensuring that all employees are trained on their rights and responsibilities under Title VII, as provided herein, including but not limited to the responsibilities to provide a workplace free of sexual harassment, discrimination and retaliation;

4.     Ensuring that all employees are trained on Defendants' policies and procedures relating to sexual harassment, discrimination and retaliation, as provided herein;

5.     Ensuring Defendants create, if necessary, and maintain, throughout the duration of this Decree, a centralized reporting system to allow all employees to report harassment or retaliation.  The reporting system shall be maintained by a third party and results of the calls and handling shall be incorporated into the reporting to the EEOC as set forth below. The reporting system shall be communicated to all employees.

6. Monitoring and reviewing Defendants' investigation of all complaints of sexual harassment and retaliation to ensure compliance with Title VII; any sexual harassment or retaliation complaints involving the former owner or any officer of any Defendant shall be investigated by a third party who is not employed by Defendants. The Consultant shall promptly report to the EEOC the existence, progress, and findings of such complaints/investigations;

7. Ensuring that Defendants properly communicate with complainants regarding the complaint procedure, status of the complaint investigation, results of the investigation, and any remedial action taken;

8. Ensuring that Defendants' reports required by this Decree are accurately compiled and timely submitted;

9. Ensuring that Defendants' disciplinary policies hold officers, employees and managers accountable for failing to take appropriate action or for engaging in conduct prohibited under this Decree;

10. Ensuring that Defendants create a centralized system of tracking discrimination and/or retaliation complaints as well as

terminations and disciplinary actions involving employees who made or supported complaints or cooperated in an investigation to ensure such actions are not taken for retaliatory purposes;

11.   Providing updates to the EEOC regarding Defendants' compliance with the terms of this Decree, at the discretion of the Consultant;

12.   Preparing an annual report on Defendants' progress and the Consultant's compliance with his/her/its responsibilities as articulated in the terms of this Decree;

13.   Ensuring that employees are informed through the required training that the former owner is no longer involved in the Defendants' operations and specifically has no authority over the personnel matters of the Defendants or influence in any way to impact the operations and employment of Defendants' employees, and that employees should promptly report any evidence to the contrary. Consultant will immediately report to the EEOC any involvement by the former owner in the Defendants' operations reported to or discovered by Consultant; and

14.     Reviewing all terminations and disciplinary actions during the term of the Decree that involve employees who have reported or provided information relating to alleged harassment or retaliation and/or otherwise participated in the investigation of any complaint regarding alleged harassment or retaliation to ensure that such actions are not taken for retaliatory purposes.

B.     Policies and Procedures

Defendants shall review, revise, distribute, and implement policies and procedures against discrimination and retaliation prohibited by Title VII (the "Policy").   The Policy shall include:

1.     A clear explanation of prohibited conduct, including an explanation that harassment and discrimination on any basis prohibited under Title VII of the Civil Rights Act of 1964, as amended, is prohibited, with a particular emphasis that the Defendants will not tolerate any incidents of sexual harassment or retaliation;

2.     Assurance that employees who make complaints of discrimination and/or retaliation or who provide information related to such complaints are protected against unlawful retaliation;

3.      A clearly described complaint process for discrimination and

retaliation that provides accessible avenues for making a

complaint against co-workers, including the complainant's

supervisors, and that allows for complaints to be initiated

verbally, although it may require that the substance of the

complaint be recorded later in writing and based on the

individual's reasonable belief the conduct complained of

violates Defendants' policy and/or is unlawful;

4.      An assurance that Defendants will protect the confidentiality of

discrimination and/or retaliation complaints to the extent

possible from being disclosed to those who do not need to

know;

5.      A complaint process that provides a prompt, thorough, and

impartial investigation;

6.      An instruction that supervisors and managers shall report to

human resource personnel, appropriate management, or human

resources service providers incidents of harassment,

discrimination, or retaliation that they witness or are aware of;

7.      An assurance that Defendants' disciplinary policies hold

employees, managers (including supervisory personnel) and

18

officers accountable for failing to take appropriate action or for engaging in conduct prohibited under this Decree;

8.  A procedure for communicating with the complainant in writing regarding the status of the complaint/investigation, results of the investigation, and any remedial action taken;

9.  Assurance that Defendants will take prompt and appropriate corrective action when they determine that discrimination and/or retaliation occurred; and

10.  Within thirty (30) days of the Effective Date of this Decree, Defendants shall provide to the EEOC a copy of the Policy. Within sixty (60) days of the Effective Date, Defendants shall ensure that they have distributed such Policy to each employee. Within sixty-five (65) days of the Effective Date, Defendants shall submit to the Commission a statement confirming distribution of the Policy. For each new employee hired after the initial distribution of the Policy described above, Defendants shall ensure that the new employee receives the Policy within thirty (30) days of employment.

Any investigations into sexual harassment or retaliation complaints relating to the former owner or any officer of any

Defendant shall be conducted by a third party not employed by

Defendants, and reviewed and assessed by the Consultant and

the EEOC in this case.

C.   <u>Training</u>

1.   Within ninety (90) days of the Effective Date of this Decree,

Defendants shall provide live and interactive training of at least

two hour duration to each employee at DHT or its successor

who is in a managerial position or has managerial or

supervisory functions as well as officers, executives and the

former owner. The former owner shall have this training on a

one-on-one basis with a provider subject to approval by the

EEOC.  The training shall cover the Policy and federal laws

regarding sexual harassment and retaliation, with an emphasis

on what constitutes sexual harassment and protected activities

for the purpose of retaliation under Title VII, how sexual

harassment and/or retaliation complaints should be handled and

investigated, as well as the anti-retaliation protections that

employees are entitled to when they report or assist in reporting

Title VII violations. Employees will be specifically notified that

investigations into any sexual harassment or retaliation

complaints against officers of any Defendant or the former

owner shall be conducted by a third party not employed by

Defendants and reviewed by the Consultant and the EEOC.  All

persons required to attend such training shall verify their

attendance in writing.  Within thirty (30) days before this

training, Defendants shall submit to the EEOC a statement

describing the training they intend to provide and the materials

they intend to use in this training.

2.      Throughout the term of this Decree, Defendants shall provide

annual live and interactive training of at least two-hour duration

to each employee in a managerial position or who has

managerial or supervisory functions as well as officers and

executives. The former owner shall have this training on a one-

on-one basis with the Consultant or a third party selected by

Defendants and approved by EEOC. The former owner will not

be required to have annual training after attending the initial

training if the former owner complies with the commitment in

this Decree to remain uninvolved in the Defendants' business.

This training shall cover the Policy and federal laws regarding

sexual harassment and retaliation, with an emphasis on what

constitutes sexual harassment and protected activities for the purpose of retaliation under Title VII, how sexual harassment and/or retaliation complaints should be handled and investigated, as well as the anti-retaliation protections that employees are entitled to when they report or assist in reporting Title VII violations. Employees will be specifically notified that investigations into any sexual harassment or retaliation complaints against current or former officers or owners of any Defendant shall be conducted by a third party not employed by Defendants and reviewed by the Consultant and the EEOC.  All persons required to attend such training shall verify their attendance in writing.  Within thirty (30) days of each training, Defendants shall submit to the EEOC a statement describing the training they intend to provide and the materials they intend to use in this training. If no substantive changes have been made to the training materials since the last submission, Defendants will not be required to submit new training materials within the thirty (30) days of the annual training.  Defendants shall submit an email or other written correspondence confirming that there

are no new training materials.  Email submission of the training

material is acceptable.

3.  Within ninety (90) days of the Effective Date of this Decree,

Defendants shall provide live and interactive training of at least

one hour duration to all employees covering the Policy and

federal laws regarding sexual harassment and retaliation, with

an emphasis on what constitutes sexual harassment and

protected activities for the purpose of retaliation under Title

VII, how sexual harassment and/or retaliation complaints

should be filed and processed, as well as the anti-retaliation

protections that employees are entitled to when they report or

assist in reporting Title VII violations.  All persons required to

attend such training shall verify their attendance in writing.

Within thirty (30) days before each training, Defendants shall

submit to the EEOC a statement describing the training they

intend to provide and the materials they intend to use in this

training. Employees will be specifically notified that

investigations into any sexual harassment or retaliation

complaints against officers of any Defendant or the former

owner shall be conducted by a third party not employed by Defendants and reviewed by the Consultant and the EEOC.

4.      Throughout the term of this Decree, Defendants shall provide annual live and interactive training of at least one hour duration to all employees covering the Policy and federal laws regarding sexual harassment and retaliation, with an emphasis on what constitutes sexual harassment and protected activities for the purpose of retaliation under Title VII, how sexual harassment and/or retaliation complaints should be filed and processed, as well as the anti-retaliation protections that employees are entitled to when they report or assist in reporting Title VII violations.  All persons required to attend such training shall verify their attendance in writing.  Within thirty (30) days of each initial and annual training, Defendants shall submit to the EEOC a statement describing the training they intend to provide and the materials they intend to use in this training. Employees will be specifically notified that investigations into any sexual harassment or retaliation complaints against current or former officers or owners of any Defendant shall be conducted by a

third party not employed by Defendants and reviewed by the

Consultant and the EEOC.

5.      <u>Verification</u>. Within ninety (90) days of the Effective Date and

annually thereafter, Defendants shall produce to the EEOC

documents verifying the occurrence of all training sessions

conducted as required under this Decree, including the written

training materials used, a description of the training provided, a

list of the individuals who conducted the training, and a list of

the names and job titles of attendees at each training session.

The Consultant shall attend the training.

D.      <u>Record Keeping</u>

Defendants shall establish a record-keeping procedure that provides for the

centralized tracking of Title VII discrimination and/or retaliation complaints and

the monitoring of such complaints to prevent retaliation.  The records to be

maintained shall include:

1.      All documents generated in connection with any complaint,

investigation into, or resolution of every complaint of

discrimination and/or retaliation for the duration of the Decree

and the identities of the parties involved;

25

2.      All forms acknowledging any employee or manager's receipt of

the Policy as required under this Decree;

3.      All documents verifying the occurrence of all training sessions

and names and positions of all attendees for each session as

required under this Decree;

4.      All documents generated in connection with the monitoring,

counseling, or disciplining of employees whom Defendants

determined to have engaged in behavior that may amount to

sexual harassment or be retaliatory;

5.      All documents generated in connection with Defendants'

confidential follow-up inquiries into whether any complainant

believes he or she has been sexually harassed and/or retaliated

against;

6.      All documents generated in connection with the establishment

or review of performance evaluation measures for managers,

supervisors, and human resource employees; and

7.      All documents generated in connection with disciplinary action

or terminations.

Defendants will make the aforementioned records available to the EEOC

within ten (10) business days following a written request by the EEOC.

E.      Performance Evaluations

Within thirty (30) days of the Effective Date, Defendants shall create a

provision in the annual performance evaluation of its managers, supervisors, and

human resources personnel to hold such individuals accountable if they fail to

appropriately remedy or report incidents of harassment/discrimination, or

retaliation for engaging in harassment/discrimination or retaliation, and if they fail

to comply with Defendants' policies and procedures regarding harassment,

retaliation, or discrimination.

F.      Posting

Within ten (10) business days after the Effective Date and throughout the

term of this Decree, Defendants shall post the notice attached to the Decree as

Exhibit A, in a clearly visible location frequented by employees at all of

Defendants' facilities within the State of Hawaii during the term of this Decree.

The notice shall provide that employees may complain to either the EEOC or the

Consultant or an outside provider of HR services regarding any person, which

would include any officer of any Defendant, or the former owner. The notice shall

also provide that investigations into any sexual harassment or retaliation complaints

against officers of any Defendant or the former owner shall be conducted by a third

party not employed by Defendants, and reviewed by the Consultant and the EEOC.

In addition, the notice shall provide that the former owner will, during the term of

this Decree, no longer be involved in the Defendants' operations and specifically will have no authority over the personnel matters of the Defendants or influence in any way to impact the operations and employment of the employees.   The notice shall remain posted for the duration of the decree.

      G.    <u>Reporting</u>

Defendants, through their EEO Consultant, shall provide the following reports annually throughout the term of this Decree beginning one year from the Decree's Effective date:

1. The attendance lists of all attendees for all training sessions required under this Decree that took place during the previous twelve months, including verification that all officers of Defendants and the former owner  have attended the  training for managers conducted by a third party;

2. A confirmation that the Notice Posting requirement as set forth in Section F is in full compliance throughout the duration of the Decree;

3. An analysis of the investigation of complaints, including the monitoring done for multiple complaints made against the same person;

4.      A copy of the policy against and complaint procedure for Title VII discrimination and/or retaliation adopted after consultation with the EEO Consultant in compliance with the Consent Decree;

5.      A summary report of the Consultant's monitoring of each investigation into any complaint alleging sexual harassment/retaliation.   The report shall include the following for each complaint during the reporting period:

    (a)      the name and title of the complaining party(ies);

    (b)      the date of the complaint;

    (c)      the name and title of the alleged harasser(s)/offender(s);

    (d)      the name and title of the person(s) who conducted the investigation into the complaint;

    (e)      the nature of the complaint (i.e. comments, acts, etc.);

    (f)      the date of the commencement and completion of the investigation;

    (g)      a brief description of the investigation (i.e. number of persons interviewed, materials reviewed);

(h)     the outcome of the investigation and any action taken – if

no results have been reached as of the time of the report,

the result shall be included in the next report; and

(i)     whether previous sexual harassment and/or retaliation

complaints have been made regarding the alleged

harasser(s)/offender(s).  If so, the report should also

include the outcome of the prior investigations; and

6.     A report detailing the performance evaluation given to

managers and supervisors as described in subsection E above.

All reports under this Paragraph shall be directed to:  Anna Y. Park,

Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 E.

Temple Street, 4th Floor, Los Angeles, CA 90012.

## XI.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Defendants shall bear all costs associated with the administration and

implementation of their obligations under this Consent Decree.

## XII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIII.

## <u>MISCELLANEOUS PROVISIONS</u>

A.      During the term of this Decree, Defendants shall provide any potential

successor-in-interest with a copy of this Decree within a reasonable time of not less

than thirty (30) days prior to the execution of any agreement for acquisition or

assumption of control.  Defendants shall inform the EEOC of any such acquisition,

assumption of control, or other material change in corporate structure within thirty

(30) days after the closing of any transaction for acquisition or assumption of

control of any or all of any Defendants' facilities.

B.      During the term of this Consent Decree, Defendants shall assure that

each of their officers, managers and supervisors is aware of any term(s) of this

Decree which may be related to his/her job duties.

C.      Unless otherwise stated, all notices, reports and correspondence

required under this Decree shall be delivered to the attention of Anna Y. Park,

Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East

Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-

1301.

D.      The Parties agree to entry of this Decree and judgment subject to final

approval by the Court.

All parties, through the undersigned, respectfully apply for and consent to this entry of this Consent Decree Order.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date:  5/29/18                           /s/ Anna Y. Park

By: Anna Y. Park
Attorneys for Plaintiff EEOC

GOODSILL ANDERSON QUINN
STIFEL LLP

Date:  5/29/18                           /s/ Barbara A. Petrus

By: Barbara A. Petrus
Attorney for Defendants

# ORDER

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

DATED:  May 29, 2018 at Honolulu, Hawaii.



 /s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

_U.S. Equal Employment Opportunity Commission v. Discovery Hidden Hawaii Tours, Inc., et al_; Civil No. 17-00067 DKW-KSC; CONSENT DECREE; ORDER